IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-0661-N |
| BRIAN F. LITTON, *et al*., | ) ) | |
| Defendants. | ) ) | |

ORDER

This matter is before the court on plaintiff's Motion for Summary Judgment (doc. 19), the supporting brief (doc. 20), defendant's response (doc. 22) and plaintiff's Reply (doc. 23). The parties have previously consented to the exercise of jurisdiction by a Magistrate Judge (doc. 10) and this action has been referred to the undersigned (doc. 11) to conduct all proceedings and order the entry of judgment.

Facts

This case is an action by a lender seeking a deficiency judgment following foreclosure of two mortgages executed by defendants. In its motion for summary judgment, plaintiff has offered evidence supporting such relevant facts as the existence and terms of the mortgages and promissory notes, the signatures thereon of the defendants, the outstanding balance due on the loans at the time of foreclosure, the amount for which the property sold at the foreclosure sale, the balance remaining, and fees and costs[1] chargeable pursuant to the notes. (Doc. 20, Exhibits 1-4) Defendants

---

[1] Though defendants' counsel has not challenged the amounts sought as fees and costs, the court has reviewed the record, including particularly the affidavits submitted by plaintiff's counsel, and

admit in their Response that they "do not deny that they failed to make the payments as required under the notes as described in Plaintiff's Brief in Support of Plaintiff's Motion for Summary Final Judgment for Monetary damages." Doc. 22 at ¶6.[2]  Rather, defendants argue, in sum, that "there is a genuine issue of material fact as to whether Plaintiff utilized the correct numbers for credit bids at the foreclosure sale that caused this large deficiency…." Id. at 2.

"There is no requirement that the trial judge make findings of fact." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).  In this case, the facts supporting entitlement to recover on the defaulted notes are undisputed.  Plaintiff has made a *prima facie* showing that defendants are liable on those notes, that they were in default, that the mortgages were properly foreclosed, that a sale was held and that the property sold at foreclosure for less than the outstanding amount of the loan.  Defendants have admitted as much. (Doc. 22 at 2)  Plaintiff has also offered competent evidence that the deficiency, plus costs and fees to which it is entitled under the terms of the notes, add up to the total amount of $322,730.99.[3]  Plaintiff has failed to rebut that showing.

Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Rule 56(e) provides that, when a properly supported motion for summary

---

has determined that the amounts claimed are reasonable and are properly recoverable under the terms of the notes.

[2] See also plaintiff's discussion (doc. 20 at 6-7) of the Requests for Admissions served on defendants, to which no response was made.

[3]  Plaintiff has offered evidence of the accrued interest through September 20, 2012, but has not provided information on the accrual of additional interest following that date.  The court does not view the line item labeled "default per diem" as sufficiently clear or otherwise adequate to prove the intervening interest amount from that date through the date of judgment. The court bases its judgment on the amount claimed and proven by defendant.

judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." A genuine factual dispute exists if " 'a reasonable jury could return a verdict for the non-moving party.' " Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir.1999) (*quoting* United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*)). In examining the record, the court views the evidence and "draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *See* Damon, 196 F.3d at 1358 (citation omitted). Finally, "[i]f the movant bears the burden of proof on an issue, … it must establish that there is no genuine issue of material fact as to any element of that defense." International Stamp Art, Inc. v. U.S. Postal Service, 456 F.3d 1270, 1275 (11th Cir. 2006) (*citing* Martin v. Alamo Community College Dist., 353 F.3d 409, 412 (5th Cir. 2003)).

Analysis

In their Response to the Motion for Summary Judgment, defendants cite no evidence or law. Rather, defendant's counsel makes a general argument that there remain contested issues, specifically that the two lots were undervalued by some unspecified amount at the time of the foreclosure sale. Argument of counsel, unsupported by evidence or law, is insufficient as a matter of law to oppose the summary judgment motion. *See* Fed.R.Civ.P. 56; Local Rule 7.2(b); *see also*, Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (setting forth summary judgment standard and clarifying that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

The issue argued by defendants' counsel, the alleged undervaluation of the property in appraisals created for purposes of the foreclosure sale, does not correspond to

any issue raised in this action.  Defendants' counsel filed an Answer (doc. 6) which contains a single-paragraph: "Defendants deny each and every allegation in Plaintiff's Complaint and demand strict proof of the same." Defendants thus raised no affirmative defenses and have otherwise raised no issue concerning the valuation of the property prior to their Response.  It is not clear in what manner defendants now contend that the alleged undervaluation might affect the plaintiff's entitlement to summary judgment.

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Defendants have failed to demonstrate that any dispute of fact about the reasonableness of the appraisals is "material" to the outcome of this case.

Were the court nonetheless to find that the reasonableness of the appraisals was arguably 'material' to the instant motion, defendants also have failed to demonstrate that the purported factual dispute is 'genuine.' "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Id., at 249-50 (citations omitted).

Defendants' counsel has failed to present any evidence to support his argument that the appraised value—and thus the credit bids made by plaintiff at the foreclosure sale—was unreasonably low.[4]  Defendants' counsel mentions that other appraisals exist,

---

[4] As noted by plaintiff, state law underscores the inadequacy of plaintiff's argument.  See Breen v. Baldwin County Federal Sav. Bank, 567 So.2d 1329, 1333 (Ala.1990) ("Furthermore, even if a reasonable inference could be drawn from the affidavits that the amount paid by the Bank for the lots was less than their fair market value, we could not conclude that the amount paid was so

4

and states without evidence that that the tax assessment on the property was substantially higher than the appraisals on which plaintiff based its credit bids; however, he has failed to submit or cite evidence of such other valuations.  Nor does he offer any competent opinion evidence on the reasonableness of the appraisals or, indeed, any evidence whatsoever in opposition to summary judgment.

On the record presented, summary judgment is appropriate.  In addition to those foundational facts admitted by defendants, plaintiff has demonstrated that the sale was held, that the property sold for less than the outstanding balance on the loans, and that the plaintiff was entitled under the notes to recover the deficiency plus costs and fees.  Defendants have failed to rebut the showing that there is no genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law.

## Conclusion

For the reasons set forth above, it is hereby ORDERED that plaintiff's Motion for Summary Judgment is GRANTED, and that Judgment shall be entered in favor of the plaintiff and against defendants in the amount of $322,730.99 and that interest shall continue to accrue on this judgment at the statutory rate equal to the weekly average 1-year constant maturity Treasury yield (28 U.S.C. 1961(a)) for the week ending November 2, 2012, which is 0.18.

DONE this the 8th day of November, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

inadequate as to raise a presumption of fraud, unfairness, or culpable mismanagement.")